IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FRANK POPE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 10 C 5115 |
| ) | |
| CLERK of the CIRCUIT COURT ) | |
| OF COOK COUNTY, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' motion to dismiss Count II. For the reasons stated below, the court denies the motion to dismiss.

## BACKGROUND

Plaintiff Frank Pope contends that he was employed by the Office of the Clerk of the Circuit Court of Cook County (Clerk's Office) as an investigator. Pope alleges that he is Caucasian and that Defendant Dorothy Brown (Brown), Clerk of the Circuit Court of Cook County (County Clerk) is African-American. Pope allegedly began working for the Clerk's Office in 1987. In May 2006, Pope allegedly submitted a letter directly to Brown requesting that he be considered for a promotion to the position of Deputy Chief, and the promotion request was denied. In

1

October 2007, Pope allegedly made a request directly to Brown for a promotion to a grade 18 position, which had been recently vacated.  In November 2007, Brown allegedly rejected Pope's promotion request, indicating that there was a hiring freeze.  Pope claims that, later in November 2007, he learned that the vacant grade 18 position had been offered to a new employee who was African-American, had significantly less experience than Pope and substantially inferior qualifications when compared to Pope.  On January 10, 2008, Pope allegedly wrote a letter to Richardo Lugo, Chief of Investigations for the Clerk's Office, and complained about not being promoted to the vacant grade 18 position and about being discriminated against because of his race.  Pope was allegedly subsequently informed in a letter from Gail Lutz (Lutz), the Executive Clerk for Public Policy and Human Resources, that Brown could hire employees solely at her discretion and that the Clerk's Office maintained a racial preference policy to hire or promote members of protected classes when possible, which Brown used in her decision to hire and promote employees.  Pope brought the instant action against Brown and the County Clerk.

Pope includes in his amended complaint a claim alleging discrimination because of his race in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e *et seq.* (Count I), and a claim alleging racial discrimination in violation of 42 U.S.C. § 1981 (Section 1981) (Count II).  Defendants move to dismiss Count II.

**LEGAL STANDARD**

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), a court must "accept as true all of the allegations contained in a complaint" and make reasonable inferences in favor of the plaintiff. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(stating that the tenet is "inapplicable to legal conclusions"); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). To defeat a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (internal quotations omitted)(quoting in part *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that contains factual allegations that are "merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S.Ct. at 1949 (internal quotations omitted).

**DISCUSSION**

Defendants argue that to the extent that Pope is suing Brown in her official capacity, Pope improperly seeks damages as relief. Defendants also contend that Pope has not alleged sufficient allegations to state a claim against Brown in her individual or official capacity.

I. <u>Damages Sought Against Brown in Her Official Capacity</u>

Defendants argue that the Eleventh Amendment bars the recovery of damages against Brown in her official capacity. The Illinois Supreme Court has held that "the

clerks of the circuit courts in this State are not county officials, but are nonjudicial members of the judicial branch of State government." *Drury v. McLean County*, 433 N.E.2d 666, 667 (Ill. 1981). The Eleventh Amendment acts as a bar to "actions in federal court against a state, state agencies, or state officials acting in their official capacities." *Indiana Protection and Advocacy Services v. Indiana Family and Social Services Admin.*, 603 F.3d 365, 370 (7th Cir. 2010). However, as stated in *Ex parte Young,* 209 U.S. 123, 159-60 (1908), under one exception to the Eleventh Amendment bar, "a plaintiff may file suit[ ] against state officials [acting in their official capacities] seeking prospective equitable relief for ongoing violations of federal law." *Indiana Protection*, 603 F.3d at 371 (internal quotations omitted)(quoting *Marie O. v. Edgar,* 131 F.3d 610, 615 (7th Cir. 1997)). Pope has not alleged facts that would indicate that Brown is other than a state official, and Pope has not alleged facts indicating that any exceptions to Eleventh Amendment immunity are applicable in this case. *Indiana Protection*, 603 F.3d at 371. Thus, Pope cannot recover damages from Brown in her official capacity, and the court strikes the requests for damages to the extent that they are sought against Brown in her official capacity.

II. Sufficiency of Allegations

Defendants argue that Pope has not alleged sufficient facts to indicate that Brown is liable under Section 1981 in her individual or official capacity.

4

A. Individual Capacity

Defendants argue that Brown can only be liable in her individual capacity if she either personally participated in the decision not to promote Pope or had control over the decision, and that Pope has not alleged sufficient facts to indicate either premise. Both Pope and Defendants rely upon the holding in *Musikiwamba v. ESSI, Inc.*, 760 F.2d 740 (7th Cir. 1985). In *Musikiwamba*, the Seventh Circuit ruled, in the context of a corporate official being sued under Section 1981, that "personal liability cannot be imposed on a corporate official for the corporation's violation of section 1981 when that official is not alleged to have participated in the actual discrimination against the plaintiff." *Id.* at 753. The holding in *Musikiwamba* concerning individual liability under Section 1981 has been applied in other private and public contexts as well, creating a general principle that individual liability under Section 1981 can only be found if the individual personally participated in the discrimination. *See, e.g., Sims v. Humane Soc. of St. Joseph County Indiana Inc.*, 2010 WL 5391602, at *6 (N.D. Ind. 2010)(citing *Musikiwamba* for the premise that individuals working for the defendant humane society could not be liable unless they personally participated in the discrimination); *Klean v. Board of Educ. of Proviso Tp. School Dist. 209*, 2010 WL 3732218, at *1, *4 (N.D. Ill. 2010)(citing *Musikiwamba* for the premise that a defendant school board member could not be liable unless he caused or participated in the discrimination); *Daigre v. City of Harvey*, 2009 WL 2371727, at *2 (N.D. Ill. 2009)(citing *Musikiwamba* for the general premise that "[i]ndividual liability under Section 1981 must be premised upon personal

5

participation in the alleged discrimination" and holding that the plaintiff had to show that the defendant mayor was personally involved in the conduct); *Togba v. County of Cook*, 48 F.Supp.2d 1104, 1112 (N.D. Ill. 1999)(citing *Musikiwamba* for the premise that, in the context of suing an individual that worked for a county, "[i]ndividual liability under § 1981 can be found only where the individual himself has participated in the alleged discrimination against the plaintiff").

Defendants argue that Pope has failed to plead facts that indicate that Brown had supervisory authority over Pope or that Brown personally participated in the decisions not to promote Pope. However, Pope alleges facts that plausibly suggest that Brown participated in the decisions not to promote Pope. Pope alleges that he submitted his promotion requests "directly" to Brown. (A. Compl. Par. 15, 16). Pope alleges that Brown denied both requests. (A. Compl. Par. 15, 19). Pope also alleges that Lutz indicated in correspondence with Pope that Brown made "decisions to hire and promote employees" in accordance with a "racial preference policy," and that promotion decisions are made "solely at the discretion of" Brown. (A. Compl. Par. 24, 26). Thus, Pope has made sufficient allegations in the amended complaint to plausibly suggest that Brown was personally involved in the decisions not to promote Pope. Therefore, Pope has stated a valid Section 1981 claim against Brown in her individual capacity. We note that at the summary judgment stage, Pope will need to point to sufficient evidence to support his Section 1981 individual capacity claim.

B. Official Capacity

Defendants contend that Pope has not alleged sufficient facts to state a claim against Brown in her official capacity because Pope has not alleged facts indicating a policy, custom or practice that resulted in the alleged discrimination. Defendants also contend that Pope has not alleged sufficient facts showing certain background circumstances, which Defendants contend is required in a reverse discrimination case.

1. *Monell* Claim

Defendants argue that Pope has not alleged sufficient facts to state a *Monell* claim. The claim brought against Brown in her official capacity is the same as a claim brought against the Clerk's Office. *See DeGenova v. Sheriff of DuPage County*, 209 F.3d 973, 975 n.1 (7th Cir. 2000)(stating that "[a]n official capacity suit is the same as a suit against the entity of which the officer is an agent"). For a Section 1981 claim brought against a public entity, a plaintiff "must show that the violation of his right to make contracts protected by § 1981 was caused by a custom or policy within the meaning of *Monell* and subsequent cases." *Looper Maintenance Service Inc. v. City of Indianapolis*, 197 F.3d 908, 913 (7th Cir. 1999)(internal quotations omitted)(quoting in part *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 735-36 (1989)). For a Section 1981 *Monell* claim, "a plaintiff must show that his constitutional injury was caused 'by (1) the enforcement of an express policy of the [public entity], (2) a widespread practice that is so permanent and well settled as to constitute a custom or usage with the force of law, or (3) a person with final

policymaking authority." *Wragg v. Village of Thornton*, 604 F.3d 464, 467-68 (7th Cir. 2010)(quoting *Latuszkin v. City of Chicago,* 250 F.3d 502, 504 (7th Cir. 2001)). Defendants argue that Pope has alleged in his complaint only one isolated incident involving alleged discrimination against him on one occasion. Defendants argue that one isolated occurrence is not sufficient to indicate a municipal policy, custom, or practice. However, Pope has alleged more than that he was discriminated against on one occasion. Pope has alleged that there was some sort of formal policy involved in the decisions not to promote him. Pope even alleges that the racial preference policy was recognized and described in correspondence by Lutz, the Executive Clerk for Public Policy and Human Resources, and that Lutz indicated that such a policy was routinely employed when making promotion decisions. (A. Compl. Par. 26-27). Thus, Pope has made sufficient allegations to plausibly suggest that the denial of a promotion to Pope was due to an express policy of the Clerk's Office. We note that at the summary judgment stage, Pope will need to point to sufficient evidence to support his *Monell* claim.

2. Background Circumstances

Defendants argue that in putting forth allegations in a complaint, the plaintiff must show background circumstances that demonstrate a reason or inclination to discriminate invidiously against whites or evidence that there is something fishy about the facts at hand. Defendants cite *Hague v. Thompson Distribution Co.*, 436 F.3d 816, 820-21 (7th Cir. 2006). (Mem. Dis. 5). However, in *Hague*, the Seventh

Circuit was not setting forth a pleading standard. The Court in *Hague* was reviewing a district court's ruling on a motion for summary judgment and held that such background circumstances needed to be shown by a plaintiff as part of the *prima facie* case under the *McDonnell Douglas* burden-shifting method. *Id.* at 818, 820-21; *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 (2007)(indicating that "a complaint in an employment discrimination lawsuit [need] not contain specific facts establishing a prima facie case of discrimination under the framework set forth in *McDonnell Douglas*"). Thus, at the pleading stage, Pope was not required to allege the special background circumstances referred to in *Hague* in his amended complaint. Therefore, the court denies the motion to dismiss.

## CONCLUSION

Based on the foregoing analysis, the court strikes the requests for damages to the extent that they are sought against Brown in her official capacity and denies the motion to dismiss.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: March 17, 2011